UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

TASHA G.,

        Plaintiff,

        v.

ANDREW SAUL,
Commissioner of the
Social Security Administration,

        Defendant.

Case No. 3:18-cv-00694-JVB-JEM

**OPINION AND ORDER**

Plaintiff Tasha G. seeks judicial review of the Social Security Commissioner's decision denying her disability benefits and asks this Court to remand the case. For the reasons below, this Court remands the Administrative Law Judge's decision.

**A. Overview of the Case**

Plaintiff applied for supplemental security income under Title II. In her application, Plaintiff alleged that she became disabled on April 4, 2014. (R. at 22.) After a hearing in 2017, the Administrative Law Judge ("ALJ") found that Plaintiff suffered from the severe impairments of obesity, history of Grave's disease with residual hypothyroidism, diabetes mellitus, disorders of the spine (including cervical and lumbar facet arthropathy, radiculopathy, and anterior wedging at T1), occipital neuralgia, left trochanteric bursitis, PTSD, anxiety, and mood disorder. (R. at 24.) The ALJ found that Plaintiff is no longer capable of performing past relevant work. (R. at 30.) The ALJ did, however, find that a number of jobs existed which Plaintiff could perform. (R. at 31.) Therefore, the ALJ found her to be not disabled from April 4, 2014, the

1

alleged onset date, through June 30, 2017, the date last insured. (*Id*.) This decision became final when the Appeals Council denied Plaintiff's request for review. (R. at 1.)

**B. Standard of Review**

This Court has authority to review the Commissioner's decision under 42 U.S.C. § 405(g). The Court will ensure that the ALJ built an "accurate and logical bridge" from evidence to conclusion. *Thomas v. Colvin*, 745 F.3d 802, 806 (7th Cir. 2014). This requires the ALJ to "confront the [plaintiff's] evidence" and "explain why it was rejected." *Thomas v. Colvin*, 826 F.3d 953, 961 (7th Cir. 2016). The Court will uphold decisions that apply the correct legal standard and are supported by substantial evidence. *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Evidence is substantial if "a reasonable mind might accept [it] as adequate to support [the ALJ's] conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971).

**C. Disability Standard**

The Commissioner follows a five-step inquiry in evaluating claims for disability benefits under the Social Security Act:

> (1) Whether the claimant is currently employed; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment is one that the Commissioner considers conclusively disabling; (4) if the claimant does not have a conclusively disabling impairment, whether he can perform his past relevant work; and (5) whether the claimant is capable of performing any work in the national economy.

*Kastner v. Astrue*, 697 F.3d 642, 646 (7th Cir. 2012). The claimant bears the burden of proof at every step except step five. *Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000).

**D. Analysis**

Plaintiff contends that the ALJ committed three reversible errors: the RFC determination was not supported by substantial evidence; the ALJ erred in analyzing Plaintiff's subjective symptoms; and the ALJ failed to properly evaluate statements from a third party.

**(1) RFC**

The ALJ stated that her RFC determination was "generally consistent with or somewhat more restrictive" than the opinion of the state agency psychologists. (R. at 29.)

The state agency psychologists opined that Plaintiff would be moderately limited in the ability to maintain attention and concentration for extended periods and in the ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods. (R. at 91–92.) The state agency psychologists also opined that Plaintiff would be moderately limited in the ability to interact appropriately with the general public. (R. at 92.)

The ALJ, relying on the opinions of the state psychologists, also found that Plaintiff was moderately limited in concentration, persistence, and pace. (R. at 26.) The ALJ found that Plaintiff has the RFC to understand, remember, and carry out simple, routine, and repetitive tasks not involving assembly line type production or pace work or making more than occasional simple work-related decisions. (R. at 27.) Further, she could respond appropriately to occasional changes in the workplace and have frequent interactions with supervisors, co-workers, and the general public. (*Id.*)

Plaintiff argues that the ALJ's RFC determination does not adequately capture her moderate limitations in concentrating, persisting, and maintaining pace. If this is true, the ALJ's

decision will be remanded. *Yurt v. Colvin*, 758 F.3d 850, 858–59 (7th Cir. 2011) (emphasizing that all of Plaintiff's restrictions must be present in the hypothetical to the vocational expert). The Seventh Circuit has "repeatedly rejected the notion that a hypothetical … confining the claimant to simple, routine tasks and limited interactions with others adequately captures temperamental deficiencies and limitations in concentration, persistence, and pace." (*Id.*)

The Seventh Circuit has recently held that a similar hypothetical to the one here was insufficient to account for moderate limitations in concentration, persistence, and pace. *DeCamp v. Berryhill*, 916 F.3d 671, 675 (7th Cir. 2019). In *DeCamp*, the ALJ limited Plaintiff to unskilled work with no fast production line or tandem tasks; few if any changes in the work setting (meaning that the work place and tasks change no more than occasionally and only one or two times per month at most); no more than occasional interaction with coworkers, supervisors, and the public; and off task no more than 10% of the work day with regular breaks. *Id.* at 674.

Here, Plaintiff was similarly limited to understanding, remembering, and carrying out simple routine, and repetitive tasks (unskilled work) not involving assembly type production or pace work; making no more than occasional simple work-related decisions; and having frequent interactions with supervisors, coworkers, and the general public. (R. at 27.) This does not accommodate moderate limitations in concentration, persistence, and pace, as "there is no basis to suggest that eliminating jobs with strict production quotas or a fast pace may serve as a proxy for including a moderate limitation on concentration, persistence, and pace." *DeCamp*, 916 F.3d at 676.

The ALJ must account for the limitations identified in the record, which includes the check-box sections and narrative explanations of the state agency physicians. *Yurt v. Colvin*, 758 F.3d 850, 859 (7th Cir. 2014). The ALJ here stated that the RFC was more restrictive than or

equal to the limitations given by the state agency physicians. However, that is not true. Instead, the ALJ ignored the state agency physician's opinion that Plaintiff would be moderately limited in the ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods. (R. at 92) The state physician also opined that Plaintiff would be moderately limited to interact appropriately with the general public. (*Id.*) Yet the ALJ's determination failed to explain how these opinions were consistent with or less restrictive than the RFC. It is unclear how a finding of moderate limitations in interacting appropriately with the general public is consistent with the ability to have frequent interactions with the general public. The Court is not finding that the RFC does not represent Plaintiff's abilities, but rather that the ALJ failed to explain her decision. The Court cannot provide meaningful review where the ALJ fails to build a logical bridge from the evidence to the conclusion.

### (2) Subjective Symptom Analysis

Plaintiff asserts that the ALJ erred in weighing her subjective symptoms. An ALJ's subjective symptom analysis will be afforded "considerable deference" and will be overturned only if it is "patently wrong." *Prochaska v. Barnhart*, 454 F.3d 731, 738 (7th Cir. 2006) (citations omitted). In addressing Plaintiff's subjective symptoms, the ALJ must consider all the evidence in the record. 20 C.F.R. § 404.1529(c)(3). Specifically, the ALJ is directed to consider the following factors:

(i) daily activities;

(ii) the location, duration, frequency, and intensity of the symptoms;

(iii) precipitating and aggravating factors;

(iv) the type, dosage, effectiveness, and side effects of any medication taken;

(v) other treatment received for relief of symptoms;

(vi) any measures used to alleviate symptoms; and

(vii) other factors concerning limitations and restrictions due to symptoms

20 C.F.R. §§ 404.1529(c)(3)(i)-(vii). As long as the ALJ's subjective symptom determinations have some support in the record and are not patently wrong, they are upheld. *See Diaz v. Chater*, 55 F.3d 300, 308 (7th Cir. 1995).

Plaintiff argues that the ALJ erred in analyzing her daily activities. An ALJ must consider how a claimant performs daily activities when considering her ability to complete those activities. *Craft v. Astrue*, 539 F.3d 668, 680 (7th Cir. 2008). The ALJ found that Plaintiff's subjective symptom complaints were not substantiated by objective medical evidence. (R. at 27.) The ALJ stated that Plaintiff's subjective symptoms were not as serious as alleged, as she was capable of maintaining her marriage, raising her two daughters, driving, caring for her personal needs, driving her children to and from school, shopping for groceries, preparing meals in the crockpot, among other daily activities. (R. at 28.) Plaintiff contends that the ALJ has mischaracterized and cherry picked her daily activities. The Court agrees.

Plaintiff testified that although she drives her daughter to school, most days she goes back to bed immediately afterwards. (R. at 48.) She also testified that she often needs to make arrangements for others to pick up her daughter after school, as she is often not feeling well enough in the afternoon. (R. at 49.) She uses a crockpot to make meals because she cannot stand at her counter long enough to make a full meal (*Id.*) The ALJ failed to consider Plaintiff's testimony as a whole. Instead, the ALJ cherry picked the most favorable evidence regarding Plaintiff's daily activities and ignored the effects those activities have on her.

6

Plaintiff also takes issue with the ALJ's assessment of her work history. The ALJ found that Plaintiff stopped working due to layoffs rather than due to her disability. (R. at 28.) Plaintiff testified that she left both due to her health and due to the business being sold. (R. at 43.) While Plaintiff did not stop working solely because of her health limitations, the ALJ has once again mischaracterized Plaintiff's ability to complete her work prior to her alleged onset date. Plaintiff testified that she worked for her parents for many years, and they provided additional accommodations for her. For instance, Plaintiff was allowed to lie down as needed, other employees completed any lifting, she was allowed to leave early for appointments, and she was allowed to come in late as needed. (R. at 52–53.) The ALJ fails to consider that Plaintiff's work history already required accommodations that would not be available to her in a regular work place. The ALJ's dismissal of Plaintiff's subjective symptoms due to her work history ignores Plaintiff's testimony regarding the accommodations she required in order to work full time. The ALJ has failed to build a logical bridge from the evidence to the conclusion.

### (3) Other Issues

Plaintiff also raises issues regarding subjective symptoms, physical limitations in the RFC, and third party reports. Because the ALJ erred in the mental RFC determination and in the subjective symptom analysis, remand is appropriate. Proper analysis of the evidence may alter the rest of the ALJ's decision. The Court remands this case due to a failure to properly analyze Plaintiff's mental limitations and subjective symptoms.

**(E) Conclusion**

The ALJ erred in the mental RFC determination and in analyzing Plaintiff's subjective symptoms. For these reasons, the court remands the case for further consideration.

SO ORDRERED on July 31, 2019.

                                                        s/ Joseph S. Van Bokkelen  
                                                    JOSEPH S. VAN BOKKELEN  
                                                    UNITED STATES DISTRICT JUDGE